## LANGDON v, STEPHENS.

1. A widow is not dowable as a matter of right, of the entire dwelling-house, out-houses, &c. in which her husband usually dwell, &c., but to such part thereof as corresponds with her dower interest in the lands. If the estate be solvent, and it will not be unjust to the heirs, she may insist on the entire dwelling-house, out houses, &c., as being assigned as part of her dower, in *lieu* of a corresponding portion of her dower in the lands, equal in value to the portion of the dwelling-house, of which she is not dowable as a matter of right.

ERROR to the Circuit Court of Perry.

Petition for dower by the defendant in error. From the facts agreed, it appears that the husband of the petitioner was seized of a house and lot in the town of Marion, in which he died.— That previous thereto he had executed a deed of mortgage on the property with a power of sale, but that the widow had not relinquished her dower therein. That after the death of the husband, the plaintiff in error purchased the property at the sale under the mortgage. That the estate is insolvent, and that a division of the premises, so as to give the widow one-third part thereof, including the dwelling house and out houses, would make the dower greatly more than one-third part of the value thereof, and leave the rest of but little or no value.

Thereupon, the court appointed five commissioners, who assigned to the widow one-third part of the lot by quantity, including the dwelling house, out-houses, &c.; which was confirmed by the court. From this judgment, this writ is now prosecuted.

The assignment of error is, the confirmation of the report of the commissioners.

A. GRAHAM, for plaintiff in error.
DAVIS, *contra*.

ORMOND, J.—This question depends upon the proper construction of the several acts on the subject. The act of 1812, [Clay's Dig. 172,] provides that the widow shall be endowed *of*

one-third part of the lands, tenements and hereditaments of which her husband died seized; "in which third part, shall be comprehended the dwelling house in which her husband shall have been accustomed most generally to dwell next before his death, together with the out-houses, offices, buildings, &c.: provided, that if it shall appear to the judge of the court to whom application is made, that the whole of said dwelling house, out-houses, &c., cannot be applied to the use of the widow without manifest injustice to the children or other heirs, then and in that case, such widow shall be entitled only to such part as the court may deem reasonable and just." A subsequent part of the act declares that the allotment of the dower shall be according to "quantity and quality."

At common law, the widow was endowed of the third part of the land and tenements of her husband; and was entitled to her dower in the capital messuage, unless it was a castle for the defence of the realm, and by a provision in *magna charta,* was entitled to remain forty days in the dwelling house, within which time dower was to be assigned her, which is called the widow's *quarantine.* [1 Coke Litt. 58], 32 b.] The statute of this State has materially changed the common law mode of procedure by which the widow is to obtain her dower, if not voluntarily assigned her by the heir; but it has not changed the common law as to the portion of which she shall be endowed, with the single exception, that the entire dwelling house, out-houses, &c., are to be included in her dower, if she desires it, and it can be done without prejudice to the heir. Was it intended that she should receive the entire mansion house in addition to her third part of the lands?— We are very clear, that such was not the intention of the Legislature. Taking the entire statute together, it is evident that the Legislature wished to guard against the inconvenience of the widow being entitled to a part of the dwelling house only; it was, therefore, declared, that the entire dwelling house, with its appurtenances should be included in her allotment of dower when that could be done without prejudice to the heir. But it by no means follows that she was to receive the house in addition to her third part of the land. Such a construction is repelled by the declaration that the widow shall be endowed of "one-third part of the lands, tenements and hereditaments," and especially by the clause which prohibits the entire mansion house from being

assigned to her when it will prejudice the heir. It might frequently happen, that the dwelling house, with its appurtenances, would constitute the whole of the real estate of any value. Such would be the fact, ordinarily, when the house was situate in a city or town, and such appears to be the fact here. In such a case, to assign to the widow as her dower the entire dwelling house, with its appurtenances, offices, garden, &c., would be in direct contravention of the statute. A construction which leads to such a result, must necessarily be wrong. The widow can, in no event, be entitled to more than one-half of the lands and tenements as dower. Yet, by this construction, she would virtually take the whole in cases like the present.

The controlling idea of the statute is the *quantity* of the dower interest. The provision, therefore, that the dwelling house, out houses, &c., shall be included in her dower interest, does not mean that this shall be in addition to her dower interest in the lands; as the statute of 1826 expressly declares that her dower interest in *"lands, tenements,"* &c., shall be assigned to her according to "quality and quantity." If, therefore, she elects to take the entire dwelling house, in a case where she has the right to make such an election, there must be a corresponding abatement for the possessory value of that portion of the mansion to which she has not the absolute right of dower, made from the lands assigned her.

It is, however, strenuously argued that although the widow has not an absolute right to dower in the entire dwelling against the "children or other heir" of the deceased, that no provision is made for a creditor. The unsoundness of this argument is demonstrated by the statute itself, which declares that where the estate is insolvent, the widow shall be endowed of one-third part only of the lands, &c., "any thing in this act to the contrary notwithstanding."

In addition, it is impossible to suppose that a reservation was made in favor of the heir, and not of the creditor, because until the debts are paid, the heir is entitled to nothing; and the result of the construction contended for would be, that as soon as the allotment of dower was made, the portion reserved for the heir would be liable to the payment of the debts of the ancestor.

The evident meaning of the proviso of the 1st section of the

act of 1812, which has created all the difficulty in this case, is, that where the estate is solvent, the widow may insist that the portion of the dwelling house, out-houses, &c., not given to her by law as her dower, shall be assigned to her as a part of her dower in lieu of a corresponding portion in value of her dower in the lands. Such being the proper construction of the statute, the court erred in ratifying the assignment of the commissioners of the entire dwelling house as dower, the estate being insolvent; and its judgment is, therefore, reversed, and the cause remanded for further proceedings.